UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN KENT PRICHARD, # 262205,

        Petitioner,               Case Number:  3:19-cv-12711

v.

THOMAS WINN,

        Respondent.

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY, STAYING THE PROCEEDINGS, AND ADMINISTRATIVELY CLOSING THE CASE**

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  In 2017, Michigan prisoner Alan Kent Prichard ("Petitioner") pleaded guilty to operating a motor vehicle while intoxicated, third offense, in the Barry County Circuit Court.  He was sentenced to three years, four months to five years in prison.  In his habeas petition, he raises claims concerning the trial court's decision denying Petitioner's request to withdraw his plea, the modification of bail conditions, and the trial court's alleged failure to follow court rules or to follow the terms of the plea agreement.  (ECF No. 1.)

Petitioner moves to stay the proceedings and hold his habeas petition in abeyance so that he can return to the state courts to exhaust additional claims concerning the effectiveness of trial and appellate counsel, and misconduct by the prosecutor and trial court.  (ECF No. 9.)  Respondent has not filed a response to Petitioner's motion.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Exhaustion requires that the petitioner invoke "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Morse v. Trippett*, 37 F. App'x 96, 103 (6th Cir. 2002). The burden is on the petitioner to prove exhaustion. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

The Michigan Rules of Court provide a process by which Petitioner may raise his unexhausted claims. For example, he can file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500, et seq., and then appeal the trial court's decision to the state appellate courts as necessary. The unexhausted claims should be addressed to, and considered by, the Michigan courts in the first instance.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics." *Id.* at 277-78.

In this case, a stay is warranted. First, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Second, Petitioner's claim that

his appellate attorney was ineffective for failing to raise these claims on direct appeal may constitute good cause for failing to previously exhaust these claims. *See Wagner v. Smith*, 581 F.3d 410, 419 n.4, 5 (6th Cir. 2009). Finally, based upon the present record, the court cannot conclude that these claims are plainly meritless or that Petitioner has engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-78. Under these circumstances, it is not an abuse of discretion to stay this proceeding.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. Petitioner shall commence post-conviction proceedings in state court within 90 days of the date of this order. If Petitioner is unsuccessful in state court and wishes to return to federal court, he must file an amended habeas corpus petition and a motion to lift the stay, using the same caption and case number that appear on the first page of this order. The amended petition and motion to lift the stay must be filed within 90 days of exhausting state remedies.

Accordingly, IT IS ORDERED that Petitioner's "Motion to Stay Proceedings and Hold Petition in Abeyance" (ECF No. 9) is GRANTED.

IT IS FURTHER ORDERED that proceedings are STAYED and the case is administratively CLOSED.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 16, 2020, by electronic and/or ordinary mail.

                                       S/Lisa Wagner
                                    Case Manager and Deputy Clerk
                                       (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Staff Attorney\19-12711.Prichard.grant stay.MBC.AAB.docx