UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ALAN KENT PRICHARD, # 262205,

        Petitioner,

v.                                       Case Number: 19-cv-12711

THOMAS WINN,

        Respondent.

---

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

Michigan prisoner Alan Kent Prichard filed this habeas corpus petition under 28 U.S.C. § 2254. He challenges his 2017 conviction for operating a vehicle while intoxicated, third offense. Mich. Comp. Laws § 257.625. At the time he filed the petition, Prichard was incarcerated at the Saginaw Correctional Facility. He has since been released to parole supervision.[1] Prichard seeks relief on the grounds that the trial court erred when it sentenced him in excess of the plea agreement but did not allow him to withdraw his plea, the trial court erred in determining that Prichard violated a condition of bond, the trial court erred in modifying the terms of bail, and the trial court failed to follow all court rules. Because these claims lack merit, the court will deny the petition.

---

[1] Prichard's release on parole does not defeat § 2254's "in custody" requirement because the requirement is satisfied as long as a petitioner is incarcerated, on parole, probation, or bail at the time a petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989)("[I]ndividuals on parole ... may be in custody for purposes of ... section 2254.").

## II.  BACKGROUND

On April 15, 2017, Barry County police stopped Prichard's vehicle which he was operating under the influence of alcohol.  Prichard was charged as a fourth habitual offender with operating a vehicle while intoxicated, third offense, operating a vehicle with a suspended license, and three misdemeanors.  On August 14, 2017, Prichard pleaded guilty to operating a vehicle while incarcerated, third offense,  Mich. Comp. Laws § 257.625; in exchange for the plea, the prosecutor agreed to dismiss the remaining charges and the habitual fourth enhancement.  (ECF No. 8-9, PageID.209-10.)  The plea was subject to a *Killebrew* agreement[2] under which Prichard's sentence would not exceed 12 months.  (*Id.*)  The trial court recognized the *Killebrew* agreement and indicated that, at the time, there was no reason not to follow the agreement.  (*Id.*)  The court also agreed to release Prichard on a personal recognizance bond provided he satisfied terms set forth by the court, including entry into a treatment facility.  (*Id.*)

At sentencing, the trial court held that Prichard violated the terms of the *Killebrew* agreement by leaving his in-patient treatment facility.  (*See* ECF 8-6, PageID.154-55.)  After concluding that this violation voided the terms of the *Killebrew* agreement, the court sentenced Prichard to 40 to 60 months' imprisonment.  (*Id.* at 155.)  Prichard moved to withdraw his plea because the court did not sentence him in accordance with the *Killebrew* agreement.  The trial court denied the motion.  (ECF No. 8-7.)

Prichard filed an application for leave to appeal in the Michigan Court of Appeals raising these claims (the first through counsel and the remainder *pro se*):

---

[2] A *Killebrew* agreement allows a defendant to enter a conditional guilty plea, which can be withdrawn if the judge ultimately sentences above the agreed upon terms. *People v. Killebrew*, 330 N.W.2d 834 (Mich. 1982).

I. Under Michigan Court Rule 6.310(B)(2), a trial court clearly errs when it denies a defendant either a term of the plea deal or the ability to withdraw his or her guilty plea after the court determines that it cannot abide by a term of the plea deal.

II. MCR 790.5, once a magistrate has imposed bail, a higher court can't modify, vacate, or reverse his decision except on a finding of an abuse of discretion, which the district trial court did.

III. MCR 6.302(C)(1), (2), (3) (E), a trial court clearly errs when it doesn't follow all rules and subrules.

IV. Defendant's plea and entry of the *nolle* was the final act of fruition of a binding agreement.  Clearly the trial court didn't follow agreement.

The Michigan Court of Appeals denied leave to appeal.  *People v. Prichard*, No. 345042 (Mich. Ct. app. Oct. 4, 2018).  The Michigan Supreme Court also denied leave to appeal.  *People v. Prichard*, 504 Mich. 944 (Mich. July 29, 2019).

Prichard then filed the pending habeas petition.  (ECF No. 1.)  He raises the same claims raised in state court.

### III.  STANDARD

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation omitted). A federal court may grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* at 102. A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.* For claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.  DISCUSSION

### A.     Plea and Sentence Agreement (Claims I and IV)

In his first and fourth claims, Prichard alleges that the trial court improperly failed to allow him to withdraw his plea at sentencing when the court sentenced him in excess of the 12-months agreed upon in the *Killebrew* agreement and that the trial court erred in determining that he violated the terms of the *Killebrew* agreement.  In a summary order, the Michigan Court of Appeals denied this claim for "lack of merit in the grounds presented."  *People v. Prichard*, No. 345042 (Mich. Ct. App. Oct. 4, 2018).  This summary order is presumed to be an adjudication on the merits to which AEDPA deference applies.  *See Harrington v. Richter*, 562 U.S. 86, 99-100 (2011).  Prichard offers no justification for overcoming the presumption that this claim was adjudicated on the merits, and the court finds none.  AEDPA's deferential standard of review applies.

During the plea taking, the trial court set forth the plea and bond conditions as follows:

> I have indicated to your attorney that I would agree to reduce your bond to a PR bond if in fact you took daily PBTs [preliminary breath tests], had no driving, and entered Jellema House [a residential treatment facility] within 14 days.
>
> ***
>
> I don't have any reason not to follow [the *Killebrew* agreement] at this point, but while you're out and going into treatment, if you leave treatment, get terminated, drink … that would be reason for me to cancel your bond, and it would also cancel out … this agreement you have.  You would not be allowed to withdraw your plea, and I would be free to sentence you to prison if I wanted to.

(ECF No. 8-5, PageID.122-23.)

During the sentencing hearing, the trial court determined that Prichard violated conditions of bond, voided the *Killebrew* agreement, and sentenced Prichard to 40 to 60

5

months imprisonment.  (ECF No. 8-6, PageID.154-55.)  Prichard filed a motion to withdraw plea on the ground that he did not violate the terms of the plea agreement by withdrawing from Jellema House.  He claimed that he simply sought treatment at a different facility.  The court held that Prichard violated the terms of the plea agreement and denied the motion.  (ECF No. 8-7, PageID.163-65.)

Prichard fails to state a claim upon which habeas relief may be granted.  First, Prichard's claim that he did not violate the conditions of bond is an issue of fact that were resolved against him by the state courts.  Prichard does not offer clear and convincing evidence to overcome the presumption of correctness attached to the findings of fact.  *See* 28 U.S.C. § 2254(e)(1).

Second, the alleged violation of *Killebrew* is not a basis for relief because "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  There is no independent federal constitutional right to withdraw a plea that is intelligently and voluntarily entered. *See Carwile v. Smith*, 874 F.2d 382, 385 (6th Cir. 1989). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Third, under Michigan law, a defendant is generally entitled to withdraw a plea if a court states that it will not follow the sentence agreement.  *See* Mich. Ct. Rule 6.310(B)(2).  But where, as here, "the defendant commits misconduct after the plea is accepted but before sentencing" a defendant is not entitled to withdraw a plea.  Mich. Ct. Rule 6.310(B)(3).

The decision of the Michigan Court of Appeals—that Prichard's claims lacked merit—was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  Prichard, therefore, is not entitled to relief on these claims.

### B.  Modification of Bail Conditions and Application of State Court Rules

Prichard's second and third claims concern alleged violations of state court rules.  First, he argues that the trial court violated Michigan court rules in modifying the terms of bond set by the magistrate.  Second, he maintains that the trial court failed to comply with Michigan Court Rule 6.302(C) before accepting his guilty plea.  The Michigan Court of Appeals denied this claim in a summary order to which AEDPA deference applies.

Prichard fails to cite any clearly established federal law restricting a state court's authority to modify bail conditions and the court is aware of none.  Also, the Constitution does not mandate the state court follow any particular steps during the plea-taking process.  *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir.1991) (finding that district court erred in granting habeas corpus relief on ground the plea colloquy failed to conform to state rules; "district court's sole inquiry should have been . . . whether . . . [the] guilty plea comported with the protections of due process").  Instead, on habeas review, the court's review is limited to whether the plea was made knowingly, voluntarily, and intelligently.  *Boykin v. Alabama*, 395 U.S. 238 (1969).  Prichard does not allege that his plea was involuntary and the plea transcript provides no indication his plea was anything other than knowing, intelligent, and voluntary.  Prichard is not entitled to habeas relief on these claims.

### C.  Certificate of Appealability

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted). In this case, reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the court denies a certificate of appealability.

## V.  CONCLUSION

For the reasons set forth above, the court finds that Petitioner is not entitled to habeas corpus relief. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus and a certificate of appealability are DENIED.

                                                  s/Robert H. Cleland                       /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated:  August 9, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 9, 2021, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner                                /
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522